Filed 9/13/24  P. v. Cardoza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099281 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F011523) |
| v. | |
| LAWRENCE PEPPY CARDOZA, | |
| Defendant and Appellant. | |

A Sacramento County jury found defendant Lawrence Peppy Cardoza guilty of three felonies and two misdemeanors in 2009.  Cardoza was subsequently convicted in four cases from three other counties.  In 2023, Cardoza filed a motion for resentencing in the Sacramento County case.  At resentencing, the Sacramento County trial court sentenced Cardoza to an aggregate term of 24 years eight months for all five cases.  In doing so, the court modified and increased the terms in two cases from other counties.

1

On appeal, Cardoza argues the trial court was not authorized to change the terms of the sentence in two cases from other counties and argues that a full resentencing should occur. The People concede the error but assert this court should modify the unauthorized sentences to the originally imposed sentences. We will vacate the sentence and remand for resentencing.

BACKGROUND

A.    *Sacramento County Case No. 07F011523*

In 2009, a jury found Cardoza guilty of assault with a deadly weapon on a peace officer (Pen. Code,[1] § 245, subd. (c)), evading a peace officer while driving recklessly (Veh. Code, § 2800.2, subd. (a)), driving against traffic while evading a peace officer (Veh. Code, § 2800.4), misdemeanor hit and run (Veh. Code, § 20002, subd. (a)), and misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a)). During bifurcated proceedings, the trial court found true the allegation that Cardoza was previously convicted of a serious felony (§ 667, subd. (a)) and a strike (§§ 667, subds. (b)-(i), 1170.12) in 1999. The court also found true the allegation that Cardoza served two prior prison terms (§ 667.5, former subd. (b)), one in 2002 and one in 2005.

The trial court sentenced Cardoza to an aggregate term of 18 years four months, comprised of the upper term of five years, doubled to 10 years for the prior strike, for assault with a deadly weapon on a peace officer; a consecutive eight months (one-third the midterm), doubled to 16 months for the prior strike, for evading a police officer while driving recklessly; concurrent sentences of 15 days each for hit and run and driving under the influence; an additional five years for the prior serious felony conviction enhancement; and two years for two prior prison term enhancements. Pursuant to section

---

[1] Undesignated statutory references are to the Penal Code.

654, the court imposed and stayed the midterm sentence of two years, doubled to four years for the prior strike, for driving against traffic while evading a peace officer.

B.    *Kings County Case Nos. 07CM7118 and 09CM2771*

In 2010, Cardoza was convicted of five felonies in Kings County.  In Kings County case No. 07CM7118, the trial court sentenced Cardoza to an aggregate term of eight years, comprised of the following terms to run consecutive to the Sacramento County case:  one year (one-third the midterm), doubled to two years for a prior strike, for one count of gassing of a peace officer by a prisoner (§ 4501.1, subd. (a)); and one year (one-third the midterm), doubled to two years for a prior strike, for each of three counts of battery on a nonconfined person by a prisoner (§ 4501.5).  The court stayed the upper term of three years, doubled to six years, for one count of obstructing or resisting an executive officer (§ 69).

In an unrelated case, Cardoza was convicted of another felony in Kings County case No. 09CM2771.  In the unrelated case, the trial court imposed eight months (one-third the midterm), doubled to 16 months for the prior strike, for failure to appear while on bail (§ 1320.5).  The court ordered the term to be served consecutive to the sentence imposed in Kings County case No. 07CM7118 and the Sacramento County case.

C.    *Los Angeles County Case No. MA073291*

In 2021, Cardoza was convicted of two felonies in Los Angeles County.  The trial court in Los Angeles County sentenced him to an aggregate term of two years comprised of one-year terms (one-third the midterm) for each of the two counts of battery on a nonconfined person by a prisoner.  The court ordered the term to be served consecutive to the sentence imposed in the Sacramento County case.  The abstract of judgment reflects that Cardoza was not sentenced according to the three strikes law in this case.

D.    *Kern County Case No. DF014843*

In 2021, Cardoza was convicted of one felony in Kern County.  The trial court in Kern County sentenced him to a low term of 16 months, concurrent to the Kings County

3

cases, for obstructing or resisting an executive officer. The abstract of judgment reflects that Cardoza was not sentenced according to the three strikes law in this case.

E. *Resentencing in the Sacramento County Case*

In 2023, in the Sacramento County case, Cardoza filed a motion for resentencing pursuant to section 1172.75.[2] At resentencing, the trial court in Sacramento County explained that in addition to the Sacramento County case, it would reimpose sentences in the Kings County cases, the Los Angeles County case, and the Kern County case. The court announced it intended to impose an aggregate term of 24 years eight months by declining to strike the prior strike and striking the two one-year prior prison term enhancements and five-year prior serious felony enhancement.

The trial court declined to strike the prior strike after considering (1) Cardoza's lengthy criminal history, student transcripts and certificate of completion for legal assistant/paralegal studies, actions since he committed his prior strike, and background; (2) the nature and circumstances of the Sacramento County case offenses; (3) and the facts of the prior strike. Because of Cardoza's rehabilitation efforts, however, the court exercised its discretion under section 1385 to strike the five-year prior serious felony conviction enhancement. The court also struck the one-year prior prison term enhancements pursuant to section 1172.75. The court also weighed the aggravating and mitigating factors and found the aggravating factors outweighed those in mitigation.

Before imposing sentence, the trial court explained that it was going to "be specific about what terms [it] cho[se] to impose and whether [it] [was] running them consecutive or concurrent so the record is clear." In the Sacramento County case, the

---

[2] Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) added section 1172.75 (formerly § 1171.1) (Stats. 2022, ch. 58, § 12, eff. June 30, 2022), which renders "legally invalid" any section 667.5, subdivision (b) sentence enhancement imposed prior to January 1, 2020, "except for any enhancement imposed for a prior conviction for a sexually violent offense" (§ 1172.75, subd. (a)).

trial court imposed the upper term of five years, doubled to 10 years for the prior strike, for assault with a deadly weapon on a peace officer; a consecutive term of eight months (one-third midterm), doubled to 16 months for the prior strike, for evading a police officer while driving recklessly; concurrent sentences of 15 days each for hit and run and driving under the influence. Pursuant to section 654, the court stayed the concurrent midterm of two years, doubled to four years for the prior strike, for driving against traffic while evading a peace officer.

Then, the trial court pronounced the sentences in the other cases. In the Kings County cases, the court reimposed the same sentences. But the court pronounced higher sentences than originally imposed in the Los Angeles County case and the Kern County case. In the Los Angeles County case, the court doubled the consecutive one-year terms (one-third the midterm) for a prior strike for both counts of battery by a prisoner. And, in the Kern County case, the court increased the term for obstructing or resisting an executive officer to the upper term of three years and doubled it to six years for a prior strike. Thus, the court pronounced an aggregate term of 24 years eight months for all five cases.

DISCUSSION

A.      *Legal Background*

When a defendant is convicted in separate judgments, the judge in the subsequent case must pronounce a single aggregate term, and the sentences in all the cases must be combined as if they were one judgment. (Cal. Rules of Court,[3] rule 4.452(a)(1).) The judge in the subsequent case must determine whether the sentences will be consecutive or concurrent and which count is the principal term. (§§ 1170.1, subd. (a), 669; rule 4.452(a)(1), (2).) However, the current court may not change the discretionary decisions

_____

[3] Undesignated rule references are to the California Rules of Court.

5

of courts in previous cases, including whether to impose the upper, lower, or middle term. (Rule 4.452(a)(3).) The only exception is "if a previously designated principal term becomes a subordinate term after the resentencing, the subordinate term will be limited to one-third the middle base term as provided in section 1170.1[, subdivision ](a)." (*Ibid.*)

B. *Analysis*

On appeal, Cardoza claims the trial court in Sacramento County was not authorized to change the terms of the sentences originally imposed in the Los Angeles County case and Kern County case. The People agree the sentences were unauthorized. Upon reviewing the record and the law, we accept the People's concession. The "[d]iscretionary decisions of courts in the previous cases may not be changed by the court in the current case." (Rule 4.452(a)(3).)

Despite their agreement on the error, the parties disagree on the remedy. The People contend this court should modify the sentences to reflect what was originally imposed in the Kern County and Los Angeles County cases.[4] Cardoza, on the other hand, argues we must remand the matter for a full resentencing because the record does not "clear[ly] indicat[e] that the trial court would not have reduced the sentence even if at the time of sentencing it had the discretion to do so." (*People v. Almanza* (2018) 24 Cal.App.5th 1104, 1110.) The standard Cardoza cites to is inapposite because it is "the appropriate standard to adopt when a trial court is unaware it has the discretion to reduce a sentence." (*Ibid.*) Here, the agreed-upon errors are unauthorized sentences, so we will apply the general rule in the context of unauthorized sentences.

"[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018)

---

[4] In their briefing, the People do not cite to any authority supporting this point. (Rule 8.204(a)(1)(B).)

6

5 Cal.5th 857, 893.)  Accordingly, we will remand for resentencing, though for a different reason than defendant asserts.  On remand, the trial court should recalculate Cardoza's custody credits as part of his resentencing.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 [when a trial court resentences a defendant on remand, it must credit all actual days spent in custody (whether in jail or prison) up to that time, including time in custody after the original sentencing].)

DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing consistent with this opinion.  Upon completion of the resentencing, the trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is affirmed in all other respects.

/s/
BOULWARE EURIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.